UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
YASHUA AMEN SHEKHEM'EL-BEY,

                     Plaintiff,

          -against-

NEW YORK CITY HOUSING AUTHORITY, et. al.,

                    Defendants.
------------------------------------ x

MEMORANDUM DECISION
AND ORDER
09 CV 1217 (GBD)



GEORGE B. DANIELS, United States District Judge:

    Pro se Plaintiff brought this civil rights action against the New York City Housing Authority ("NYCHA") and Bronx River Houses ("BRH"), alleging that Defendants have made public housing unavailable to Plaintiff on account of his race, color, and national origin, and that certain of Defendants' policies violate New York State law. Plaintiff is an American of Moroccan descent who was residing in his aunt's public housing apartment, which was owned and managed by Defendants. Plaintiff alleges he and his aunt engaged in "family-type activities" but he was not listed on the lease as a tenant. After his aunt passed away, Plaintiff continued to occupy her apartment. Before his aunt's death, Plaintiff met with NYCHA officials and filed an administrative claim seeking to become the tenant of record for her apartment. NYCHA denied Plaintiff's administrative claim on the ground that his familial relationship as "nephew" did not entitle him to succeed to his aunt's lease as a "remaining family member" under NYCHA policy. Plaintiff separately applied for public housing through NYCHA and was placed on its waiting list.

    Plaintiff filed the instant action seeking to recover on various federal and state-law claims and seeking declaratory and injunctive relief together with damages. Defendants move to

dismiss Plaintiff's claims, or in the alternative, for summary judgment. This Court referred the matter to Magistrate Judge Debra Freeman for a Report and Recommendation. Magistrate Judge Freeman issued a Report and Recommendation ("Report") recommending that the Defendants' motion be granted as to all claims except for one of the Fair Housing Act claims based on the fact that Defendants passed Plaintiff over on NYCHA's waiting list. As to that claim, Magistrate Judge Freeman stated that Plaintiff may be able to amend his pleading further to remedy the defects and recommended that Plaintiff be afforded the opportunity to replead this claim. The Court adopts the Report's recommendation that Defendants' motion be granted as to all of Plaintiff's claims except for one of his Fair Housing Act claims.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within Report II. 28 U.S.C. § 636(b)(1). When there are objections to a report, the Court must make a de novo determination of those portions of the report to which objections are made. Id.; see also Rivera v. Barnhart, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a report are made, the Court may adopt the report if there is no clear error on the face of the record. Adee Motor Cars, LLC v. Amato, 388 F. Supp.2d 250, 253 (S.D.N.Y. 2005) (citation omitted). In her report, Magistrate Judge Freeman

advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Neither party filed objections.

Plaintiff asserts that Defendants violated the Fair Housing Act when they denied Plaintiff's request to take over as tenant of record of his aunt's apartment. Magistrate Judge Freeman properly determined that this issue was litigated and decided in Plaintiff's Article 78 proceedings. The issue was decided in Defendants' favor and collateral estoppel bars Plaintiff from re-litigating it here. Plaintiff also seeks a declaration from this Court that NYCHA's exclusion of nephews of tenant from its list of family members who may be considered "remaining family members" is contrary to the Rent Stabilization Code. Collateral estoppel also bars this claim since Plaintiff raised this issue in his Article 78 proceeding, which the state court subsequently rejected when it found that the Rent Stabilization Code, by its own terms, did not apply to the NYCHA.

Plaintiff also asserts that he may recover under the Housing and Urban Development Act. Plaintiff, however, failed to point to any particular section of the Housing and Urban Development Act, and Magistrate Judge Freeman correctly determined that no provision would authorize a private cause of action for housing discrimination. Plaintiff further asserts claims under Sections 1981 and 1983 on the grounds that Defendants "disenfranchised" and violated Plaintiff's equal protection rights. In order to state a claim against a municipal agency under Sections 1981 or 1983, a plaintiff must plausibly allege that the conduct forming the basis of his or her complaint was executed pursuant to an official policy or custom of the agency. See Patterson v. County of Oneida, 375 F.3d 206, 226 (2d Cir. 2004) (citing Jett v. Dallas

3

Independent School District, 491 U.S. at 733-36 (§ 1981); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692-94, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978)). In addition, a plaintiff must establish a causal link between the policy or custom and the alleged violation of his rights. Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983).

Magistrate Judge Freeman properly determined that Plaintiff's claims do not plausibly allege any sort of link between the policy or custom and the alleged violation of his rights. As Magistrate Judge Freeman correctly opined, Plaintiff's allegations are conclusory at best and insufficient to establish a claim. Moreover, Magistrate Judge Freeman determined that Plaintiff's allegations that Defendants "disenfranchised" him are misplaced. The term "disenfranchised" is used to refer to the alleged governmental act of denying an individual the right to vote and nowhere in this case does Plaintiff make an allegation that could be construed as asserting that Defendants interfered with Plaintiff's right to vote.

As to Plaintiff's remaining state constitutional claims, Magistrate Judge Freeman properly found that the cause of action relying exclusively on the allegation that Defendants disenfranchised him should be dismissed for the reasons discussed above. Plaintiff's state law cause of action seeking to recover for an alleged equal protection violation is similarly dismissed. As Magistrate Judge Freeman explained, such a claim is evaluated under the same standard as a federal equal protection claim. Since Plaintiff has failed to plausibly allege a federal equal protection claim, his parallel state equal protection claim is likewise deficient.

After carefully reviewing the Report, this Court finds that it is not facially erroneous, and adopts the Report in its entirety. Accordingly, Defendants' motion is granted as to all of Plaintiff's claims except for the Fair Housing Act claim based on the allegation that Plaintiff was

passed over on the waiting list because of his membership in a protected class. As to that claim, Plaintiff is granted leave to replead, so as to specifically allege if an apartment actually became available while he was on the waiting list, and that, because of his race, color, or national origin, the apartment was either held as vacant or rented to someone below Plaintiff on the waiting list.

Dated: New York, New York
       March 15, 2010

                                SO ORDERED:

                                _____
                                GEORGE B. DANIELS
                                United States District Judge